IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,036-01






EX PARTE RICKY CARL DOTSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W00-37310-J(A) IN THE CRIMINAL DISTRICT COURT NO. 3 


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to thirty-five years' imprisonment. The Eleventh Court of Appeals
affirmed his conviction. Dotson v. State, No. 11-03-00013-CR (Tex. App. - Eastland, May 13,
2004, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance for a number of
reasons. Inter alia, Applicant alleges that his retained counsel, Andrew Konradi informed Applicant
and his family that he played poker with the judges, and that as a result of his relationship with the
trial judge, would obtain favorable treatment for Applicant. Applicant also alleges that counsel
brought in another attorney, Jim Johnson, to serve as lead counsel without consulting with Applicant. 
Applicant alleges that neither Konradi nor Johnson prepared for trial, consulted with Applicant,
interviewed the State's witnesses, or sought out defense witnesses. According to Applicant, a proper
investigation would have revealed that Child Protective Services had uncovered potentially
exculpatory information during its investigation of the case. Applicant alleges that this information
was not provided to the defense until the day before trial, that the defense sought a continuance,
which was denied by the trial court, and that counsel then waived error by announcing "ready" when
the case was called for trial.

 Applicant alleges that defense counsel failed to object when the prosecutor and the trial court
made remarks during voir dire that constituted comments on the weight of the evidence and
destroyed the presumption of innocence. Applicant contends that counsel failed to cross-examine
the complainant about inconsistencies between her pre-trial statements to police and family, and her
trial testimony. 

 Applicant also alleges that counsel told him prior to trial that he would not testify, because
of his prior felony convictions. Then, during a recess in the proceedings, counsel informed him that
he would need to testify after all. Because Applicant was unprepared to testify, he alleges that it was
easy for the prosecution to make him look bad in front of the jury. In addition, he alleges that
counsel allowed evidence and testimony to be presented regarding prior bad acts by Applicant which
were not relevant to the case but were highly prejudicial. During trial, the State presented expert
testimony over defense objection regarding the percentage of children who make false allegations
of sexual abuse. Applicant alleges that counsel failed to preserve error by making only a general
objection to the testimony.

 According to Applicant, counsel failed to advise him that he could elect to have either the
jury or the trial court decide punishment, and failed to advise him of his right to present evidence on
his own behalf at punishment. As a result, Applicant alleges that there was no evidence presented
by the defense at punishment, and counsel made incorrect statements to the jury during closing
arguments about Applicant's prior criminal history.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel, Andrew Konradi and Jim Johnson, with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel by way of affidavits, or the trial
court may conduct a hearing. Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make supplemental findings of fact as to whether the performance of
Applicant's trial attorneys was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 6, 2007

Do not publish